UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RILEY HANLEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA, | ) Case no. 22-1094 |
| | ) |
| and | ) |
| | ) |
| KINDRED HEALTHCARE OPERATING, LLC | ) |
| EMPLOYEE MEDICAL AND WELFARE | ) |
| BENEFITS PLAN, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. The Plaintiff, Riley Hanley, by and through the undersigned counsel, file this Complaint against Unum Life Insurance Company of America (hereinafter "Unum"), and Kindred Healthcare Operating, LLC Employee Medical and Welfare Benefits Plan (hereinafter "Kindred Welfare Plan"), the Defendants.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001.  The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States.  Specifically, Plaintiffs bring this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B).

I. PARTIES

3. At all times material hereto, Plaintiff Riley Hanley was a citizen of Jefferson County, Missouri.

4. Defendant Unum is a Maine corporation doing business in Jefferson County, Missouri.

5. Defendant Unum administered Plaintiff's life insurance claims on behalf of Kindred Healthcare Operating, Inc. (hereinafter "Kindred").

6. Defendant Kindred Welfare Plan is located in Louisville, Kentucky.

7. Therefore, pursuant to 29 U.S.C §1132(e)(2), venue is proper in this judicial district.

8. Kindred Welfare Plan is an ERISA-governed employee benefit plan, which provides employee benefits, including life insurance, to participant employees of Kindred and their designated beneficiaries.

9. Kindred Welfare Plan purchased Group Policy number 931348 ("the Policy"), for the benefit of the employees of Kindred, agreeing to pay Plaintiff, as beneficiary to his deceased wife's life insurance policies, life insurance benefits in the event of her death.

II. FACTUAL ALLEGATIONS

A. Background.

10. On October 20, 2021, Suzanna Marie Hanley, a Kindred employee and Kindred Welfare Plan participant, died due to acute subdural hemorrhage sequela and blunt force trauma to head, as a result of a fall that occurred on October 15, 2021. See Suzanna Marie Hanley's death certificate listing these causes of death, attached as Exhibit A.

11. The policy promises to pay a designated beneficiary accidental death and dismemberment ("AD&D") benefits in the event of the insured's loss of life due to an accident. According to Unum's records, Mrs. Hanley was insured for $228,150 in AD&D benefits.

### B. Relevant Plan Terms.

12. Policy no. 931348 defines "Accidental Bodily Injury" as follows:

    *"Accidental Bodily Injury means bodily harm caused solely by external, violent and accidental means and not contributed to by any other cause."*
    [Life Policy 931348, Glossary-1].

13. Policy no. 931348 includes the following exclusions:

    *"WHAT ACCIDENTAL LOSSES ARE NOT COVERED BY YOUR PLAN?
    Your plan does not cover any accidental losses cause by, contributed to by, or resulting from:
    -the use of any prescription or non-prescription drug, poison, fume, or other chemical substance unless used according to the prescription or direction of your or your dependent's physician."*

    [Life Policy 931348, AD&D-Ben-5]

### C. Claim Information under The Plan.

14. On October 15, 2021, Plaintiff's now deceased wife, Susanna Hanley, fell in a medical center parking lot.  Plaintiff immediately took Mrs. Hanley to the emergency room, where she was diagnosed with an acute subdural hemorrhage (brain bleed); following a craniotomy and several additional unsuccessful life saving measures, Mrs. Hanley passed away on October 20, 2021.

15. Following Mrs. Hanley's accidental death, Plaintiff filed a claim for AD&D benefits under policy number 931348.

16. Defendant Unum denied Plaintiff's AD&D claim in a letter dated February 25, 2022, alleging that Plaintiff's claim is precluded under the above-referenced exclusion for deaths caused by or contributed to by disease of the body. Specifically, Unum alleged: "It has been determined that Susanna's death was contributed to by a medical condition for which she was treating with aspirin and Plavix for peripheral vascular disease; this is not considered to be accidental and was contributed to by another cause.".

17. Mrs. Hanley's medical records do not state that her death was caused or contributed to by peripheral vascular disease, nor the medications used to treat peripheral vascular disease.

18. Mrs. Hanley's death certificate does not state that her death was caused or contributed to by peripheral vascular disease, nor the medications used to treat peripheral vascular disease.

19. In a letter dated September 8, 2022, with the help of undersigned counsel, Plaintiff appealed the denial of his claim for AD&D benefits, reiterating that Susanna Hanley's death was not caused by a "disease of the body". The appeal letter asserted that even if Susanna's death was caused by the medications she was taking for peripheral vascular disease, the terms of the plan dictate that her death would be a covered loss.  This is because accidental death resulting from ingestion of medications used "according to the prescription or direction of your Physician" is an exception to the Policy's exclusions noted above.

20. Just 5 days after Plaintiff submitted his appeal, Defendant Unum upheld the benefit denial in a letter dated September 13, 2022. The letter reiterated Unum's allegation that Mrs. Hanley's death was significantly contributed to by the treatment she was receiving for an underlying medical condition, which precluded benefits under the policy.

21. This lawsuit ensued.

### III.     CLAIMS FOR RELIEF

**COUNT 1: WRONGFUL DENIAL OF LIFE INSURANCE BENEFITS**

22. Paragraphs 1-21 are hereby realleged and incorporated herein by reference.

23. Following Susanna Hanley's death, and upon filing his claim for benefits, Plaintiff provided Defendant Unum with substantial evidence verifying that Susanna Hanley's death was an accident as defined under the terms of the Policy.

24. Despite this, Defendant Unum has continued to wrongfully deny benefits under the Policy.

25. Defendants have breached the terms of Kindred Welfare Plan and violated ERISA in the following respects:  (a) Failing to pay life insurance benefits to Plaintiff at a time when Unum knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Policy, as Susanna Hanley was insured under the Policy at the time of her death, her death was certified as an accident caused by a fall, blunt force trauma to the head, and acute subdural hemorrhage sequela, and Plaintiff was therefore entitled to benefit proceeds as the beneficiary under the Policy. Even though Defendants had such knowledge, Defendants denied Plaintiff's claim life insurance benefits;
(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and policy provisions, for the denial of Plaintiff's life insurance benefit proceeds; and
(c) Failing to properly and adequately investigate the merits of Plaintiff's life insurance claim and failing to provide a full and fair review of Plaintiff's claim.

26. As contemplated by the Supreme Court in <u>Metropolitan Life Insurance Company v. Glenn</u>, Defendant Unum's decision to deny Plaintiffs' claim was influenced by its inherent conflict of interest as both the administrator and payor of benefits.

27. Plaintiff is informed and believes and thereon alleges that Defendant Unum wrongfully denied his claim for life insurance benefits by other acts or omissions of which Plaintiff is

presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

28. Following the denial of benefits, Plaintiff exhausted all administrative remedies required under ERISA, and/or as demonstrated by Defendants' actions here, attempts to pursue further administrative remedies would have been futile.  Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Kindred Welfare Plan.

29. As a proximate result of the aforementioned conduct of Defendants, Plaintiff has damages for loss of life insurance benefits in a total sum to be shown at the time of trial.

30. As further and direct proximate result of this improper determination regarding Plaintiff's life insurance claim, Plaintiff, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. 1132 (g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

31. The wrongful conduct of Unum and the Kindred Welfare Plan has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce his rights under the terms of the Kindred Welfare Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff, Riley Hanley, request that this Honorable Court enter Judgment:

A. For a declaration that Riley Hanley is entitled to receive life insurance benefit proceeds under the terms of Group Policy number 931348.

B. For injunctive relief requiring payment of all life insurance benefit proceeds and any other employee benefits owed under the Kindred Welfare Plan.

C. Awarding the Plaintiff prejudgment and postjudgment interest under ERISA, on

the amount of past due benefits, which remain unpaid.

D. Awarding the Plaintiff a reasonable reimbursement for attorney's fees and costs incurred as a result of the Defendants' wrongful denial of benefits, pursuant to 20 U.S.C. §1132(g).

E. Awarding all other relief as may be just and appropriate.

DATED: October 14, 2022

                                                Respectfully Submitted,

/s/Talia Ravis
Talia Ravis
MO Bar # 58366
talia@erisakc.com
Law Office of Talia Ravis, PA
9229 Ward Parkway, Suite 370
Kansas City, MO 64114
816-333-8955 (tel)
1-866-694-3016 (fax)

ATTORNEY FOR PLAINTIFF