UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RILEY HANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-01094-SRC |
| | ) | |
| UNUM LIFE INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum and Order**

Suzanna Hanley[1] passed away a few days after she sustained injuries resulting from a fall. Through her employer, Mrs. Hanley had participated in an ERISA-governed welfare plan that provided a life-insurance policy through Unum Life Insurance Company. After her death, her husband, Riley Hanley, filed a claim for "accidental death and dismemberment" benefits—a claim Unum denied, asserting that the circumstances of Mrs. Hanley's death placed it outside the policy's coverage. Mr. Hanley brought this case against Unum, asserting a wrongful-denial-of-benefits claim under ERISA. He now moves to permit discovery outside the administrative record, arguing that procedural irregularities justify a departure from the general, no-discovery rule in ERISA benefits-claims cases.

**I.    Background**

Mr. Hanley alleges the following. Mrs. Hanley fell in a parking lot on October 15, 2021. Doc. 1 at ¶ 14. After evaluation at the emergency room, Mrs. Hanley received a diagnosis of an acute subdural hemorrhage. *Id.* Medical staff performed a craniotomy and several additional

---

[1] Plaintiff's counsel spells Mrs. Hanley's first name alternatively as "Susanna" and "Suzanna" in the complaint. *Compare* Doc. 1 at ¶¶ 14, 16, 19, 23, 25 ("Susanna"), *with id.* at ¶ 10 ("Suzanna"). The Court uses the spelling of Mrs. Hanley's death certificate: "Suzanna." Doc. 1-1.

1

measures in an attempt to save Mrs. Hanley's life.  *Id.*  Unfortunately, those measures proved unsuccessful, and Mrs. Hanley died on October 20, 2021.  *Id.*

Mrs. Hanley participated in an employer-sponsored, ERISA-governed welfare plan that provided a life-insurance policy through Unum.  *Id.* at ¶ 10.  That policy "promises to pay a designated beneficiary accidental death and dismemberment . . . benefits in the event of the insured's loss of life due to an accident."  *Id.* at ¶ 11.  The policy defines "accidental bodily injury" as "bodily harm caused solely by external, violent and accidental means and not contributed to by any other cause."  *Id.* at ¶ 12.  The policy, moreover, excludes "any accidental losses cause [sic] by, contributed to by, or resulting from: the use of any prescription or non-prescription drug . . . unless used according to the prescription or direction of your or your dependent's physiciain."  *Id.* at ¶ 13.

Mr. Hanley submitted a claim for "accidental death and dismemberment" benefits under the policy.  *Id.* at ¶ 15.  Unum denied the claim, invoking the exclusion for deaths "contributed to by . . . means" other than the accident.  *Id.* at ¶ 16.  Specifically, Unum wrote, "It has been determined that Susanna's death was contributed to by a medical condition for which she was treating with aspirin and Plavix for peripheral vascular disease; this is not considered to be accidental and was contributed to by another cause."  *Id.*  Mr. Hanley, however, alleges that Mrs. Hanley's death certificate and medical records do not list an underlying medical condition or prescription medications as contributing causes.  *Id.* at ¶¶ 17–18.

Mr. Hanley appealed that denial on September 8, 2022—and Unum upheld the benefit denial on September 13, reiterating that medical treatment for an underlying condition contributed to Mrs. Hanley's death.  *Id.* at ¶¶ 19–20.  Mr. Hanley filed this case, and now seeks

2

discovery beyond the administrative record, arguing that procedural irregularities warrant a departure from the no-discovery rule. Doc. 41 at p. 2.

**II.     Standard**

Where, as here, a benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, a court reviews the plan administrator's decisions for abuse of discretion. *McIntyre v. Reliance Standard Life Ins. Co.*, 972 F.3d 955, 958–59 (8th Cir. 2020) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)); Doc. 27 at pp. 1, 3. Under this deferential standard, the court limits its review of the administrator's benefits determination to the evidence before the administrator at the time the administrator denied the claim. *Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010). For this reason, courts generally do not allow discovery in ERISA benefits-claims cases outside the administrative record. *Id.* "Such additional evidence gathering is ruled out on deferential review . . . to 'ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators.'" *Brown v. Seitz Foods, Inc., Disability Ben. Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998) (quoting *Cash v. Wal-Mart Group Health Plan*, 107 F.3d 637, 641–42 (8th Cir. 1997)).

"However, limited discovery may be permitted to determine whether a conflict of interest or procedural irregularity exists." *Moore v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 4:19-cv-2513-CDP, 2020 WL 2494590, at *2 (E.D. Mo. May 14, 2020) (citing *Sampson v. Prudential Ins. Co. of Am.*, No. 4:08-cv-1290-CDP, 2009 WL 882407, at *2 (E.D. Mo. Mar. 26, 2009)). To secure outside-the-record discovery, Mr. Hanley must show good cause, which in this context means "establishing that the administrative record is insufficient to establish a 'palpable conflict of interest' or a 'serious procedural irregularity.'" *Woodrome v. Ascension Health*, No. 4:19-cv-

3

2638-JCH, 2020 WL 1479149, at *2 (E.D. Mo. Mar. 26, 2020) (quoting *Farley v. Ark. Blue Cross & Blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir. 1998)); *see also J.W. by & through Williams v. Cigna Health & Life Ins. Co.*, No. 4:21-cv-00324-SRC, 2022 WL 1185196 (E.D. Mo. Apr. 21, 2022).

In determining whether a serious procedural irregularity exists, the Court considers "whether the plan administrator's decision 'was made without reflection or judgment, such that it was the product of an arbitrary decision or the plan administrator's whim.'" *Parkman v. Prudential Ins. Co. of Am.*, 439 F.3d 767, 772 (8th Cir. 2006) (quoting *Pralutsky v. Metro. Life Ins. Co.*, 435 F.3d 833, 838 (8th Cir. 2006)). "A . . . serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties.  Thus, the district court will only rarely need to permit discovery and supplementation of the record to establish these facts." *Farley*, 147 F.3d at 776 n.4.

## III.   Discussion

Mr. Hanley alleges two facts that, he argues, qualify as procedural irregularities:  first, that Unum "conducted no investigation of Plaintiff's claim after he filed his appeal," and second, that Unum did not "employ a physician to review Plaintiff's claim and/or determine whether Ms. Hanley's death was an 'accident' as defined by the terms of the subject policy." Doc. 41 at p. 1. Mr. Hanley moves for the following discovery:

> (1) all internal guidelines, polices, claim handling materials and/or procedures, that govern Unum's review of an internal appeal of an accidental death and dismemberment claim; (2) all internal guidelines, policies, claim handling manuals, and/or procedures that govern Unum's employee reviews and/or employee retention or advancement; (3) the training materials or training manuals provided to Unum employees involved in the processing of Mr. Hanley's AD&D claim; and (4) information showing Unum's efforts to comply with the Department of Labor's Regulations governing the administration of ERISA benefits.

4

Doc. 41 at p. 3.  He also seeks to depose Unum's corporate representative to determine why Unum supposedly decided not to investigate his claim on appeal.

Unum opposes Mr. Hanley's motion, arguing that Mr. Hanley has adduced no evidence showing that Unum failed to investigate his claim.  Doc. 42 at p. 1.  In fact, Unum argues, the 2,300-page administrative record—the very purpose of which is to allow the Court to review Unum's claims-determination process—shows the extent of Unum's investigation of his claim, and its independent review of that claim on appeal, and therefore renders further discovery on that point unnecessary.  *Id.*  Unum also points out that it employed a registered nurse to review and summarize Mr. Hanley's file during the initial claims-determination process.  *Id.*  And the administrative record contains her summary.  *Id.*  Because, Unum argues, "discovery is not allowed when the Administrative Record is sufficient to evaluate [a plaintiff's] argument," *id.*, the Court should deny Mr. Hanley's motion.

Unum has the better argument.  "A palpable conflict of interest or serious procedural irregularity will ordinarily be apparent on the face of the administrative record or will be stipulated to by the parties," *Farley*, 147 F.3d at 776 n.4, so "[a] plaintiff must show good cause for such discovery by establishing that the administrative record *is insufficient to establish* . . . a 'serious procedural irregularity,'" *Moore*, 2020 WL 2494590, at *2 (quoting *Woodrome*, 2020 WL 1479149, at *2) (emphasis added).  Mr. Hanley has not made that showing.

The Court cannot conclude, based on the parties' briefing, that a "serious procedural irregularity" exists such that the record requires supplementation from further evidence.  Mr. Hanley's motion gives the Court no reason to suppose that Unum's employing a registered nurse, rather than a physician, to review the claim constitutes a serious procedural irregularity.  Nor has Mr. Hanley supported his bald claim that Unum "fail[ed] to investigate Mr. Hanley's claim on

appeal." Doc. 41 at p. 3.  Moreover, even if Unum's handling of the claims involved serious procedural irregularities—which Mr. Hanley remains free to argue in dispositive motions—the two instances of supposed irregularity appear on the face of the administrative record and require no additional discovery. *See Farley*, 147 F.3d at 776 n.4.

**IV.     Conclusion**

The Court denies Mr. Hanley's motion.  Doc. 41.

So Ordered this 31st day of May 2021.

                                             _SL R. CR_
                                             STEPHEN R. CLARK
                                             CHIEF UNITED STATES DISTRICT JUDGE

6